IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00655-PAB
(Bankr. No. 24-11589)

In re:

Abass Yaya Bamba,

    Debtor.

---

ABASS YAYA BAMBA,

    Appellant,

v.

DOMINION FINANCIAL SERVICES, LLC,

    Appellee.

---

## ORDER

---

The matter before the Court is appellant's Emergency Motion to Stay Bankruptcy Court Dismissal Hearing Pending Appeal [Docket No. 20] filed on March 19, 2025.[1]

On February 26, 2025, appellant filed a Notice of Appeal of the Bankruptcy Court's Order Overruling Debtor's Claim Objection and Order Denying Motion to Reconsider.  *See* Docket No. 2.  On March 18, 2025, the bankruptcy court issued a notice of preliminary hearing and scheduled a hearing for April 21, 2025 on appellee's motion to dismiss.  *See In Re Bamba*, Case No. 24-11589-MER, Docket Nos. 128, 138.  That same day, appellant filed a motion for stay of proceedings pending appeal

---

[1] Because appellant is *pro se*, the Court construes his filings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

requesting that the bankruptcy court stay all proceedings pending resolution of the appeal. *See In Re Bamba*, Case No. 24-11589-MER, Docket No. 140.

Appellant moves the Court to stay the Bankruptcy Court hearing scheduled for April 21, 2025. Docket No. 20 at 1. Appellant argues that the scheduled hearing shortens the deadline to file an updated plan. *Id*. Appellant also contends that, pursuant to *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), the lower court loses jurisdiction over matters directly under appellate review. *Id*. at 2. Regarding the legal basis for the stay, appellant argues he meets the four factors supporting issuing a stay under *Hilton v. Braunskill*, 481 U.S. 770 (1987). *Id*.

Federal Rule of Bankruptcy Procedure 8007 provides that, "[o]rdinarily, a party must move first in the bankruptcy court for . . . an order suspending or continuing proceedings or granting other relief permitted." Fed. R. Bankr. P. 8007(a)(1)(D). However, a motion to stay proceedings "may be filed in the court where the appeal is pending." Fed. R. Bankr. P. 8007(b)(1). The motion made to the district court must either "(A) show that moving first in the bankruptcy court would be impracticable; or (B) if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2). "The motion must also include: (A) the reasons for granting the relief requested and the facts relied on; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3).

Appellee argues the appellant's motion to stay fails to comply with Federal Rule of Bankruptcy Procedure 8007(b)(2). Docket No. 25 at 3-4. The Court agrees.

2

Although appellant appears to have moved to stay all proceedings pending resolution of the appeal in the bankruptcy court, *In Re Bamba*, Case No. 24-11589-MER, Docket No. 140, appellant's motion does not indicate whether the bankruptcy court has ruled on the motion and, if so, the basis for the bankruptcy court's ruling.  *See* Docket No. 20; Fed. R. Bankr. P. 8007(b)(2)(B) (the motion to stay in the district court must "state whether the court has ruled on it, and if so, state any reasons given for the ruling").  Moreover, appellant fails to include with his motion an affidavit supporting the facts subject to dispute or the relevant parts of the record as required by Rule 8007(b)(3).  Therefore, the Court will deny the motion.

Even if the Court were to consider appellant's motion, despite his failure to comply with Rule 8007(b), the Court would find that appellant has failed to demonstrate that he is entitled to a stay.  A movant seeking a stay pending appeal must show (1) a likelihood of success on the merits of the appeal; (2) irreparable harm if the stay is not granted; (3) the absence of significant harm to other parties if a stay is granted; and (4) a public interest in the issue on appeal.  *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996).

As to the likelihood of success on appeal, appellant posits that "[t]he appeal raises serious legal questions regarding the validity of Dominion's claim and the bankruptcy court's jurisdictional overreach."  Docket No. 20 at 2.  As to irreparable harm, appellant argues he will lose key legal rights if the bankruptcy case is dismissed and the appeal is rendered moot.  *Id*.  As to harm toward the opposing party, appellant argues "Dominion will not be prejudiced by maintaining the status quo until this Court resolves the appeal."  *Id*.  Finally, as to the public interest factor, appellant argues a stay

3

is in the public interest because it will prevent abuse of process and ensure fair judicial review, which are "essential to maintaining confidence in the legal system." *Id*. at 3.

First, appellant has not demonstrated a likelihood of success on the merits. Appellant's arguments are conclusory and do not address how the bankruptcy court erred in overruling appellant's objection to appellee's proof of claim. Second, the threat of irreparable harm can be found "where denial of stay would risk mooting an appeal that raises significant claims of error," but the seriousness of that threat is "inextricably related to appellant's likelihood of success on the merits." 6A Bankr. Service L. Ed. § 58:262 (citing *In re BGI, Inc.*, 504 B.R. 754 (S.D.N.Y. 2014)). Because appellant has not shown a likelihood of success on the merits of this appeal, he has not met his burden with respect to this second factor. Third, appellant fails to meet his burden of establishing the absence of harm because he makes only a cursory statement that "Dominion will not be prejudiced." Docket No. 20 at 2. Appellee asserts that Dominion continues to advance funds for the property that appellant lives on, but which appellant has not made payments for, which is a continuing harm that would be exacerbated by a stay. Finally, as to public interest, appellant refers to the general prevention of abuse of process, *id*. at 3, which is not applicable here. Rather, the public interest in requiring debtors "to reorganize their debts in a reasonable amount of time and to propose a confirmable plan to pay creditors in accordance with the requirements of the Bankruptcy Code" supports denying appellant's motion to stay. Docket No. 25 at 6.

Appellant's reliance on *Griggs* is misplaced. Here, the Bankruptcy Court retains jurisdiction over the motion to dismiss because the motion to dismiss is distinct from the issues raised on appeal. *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir.

1987) (filing a timely notice of appeal divests the lower court of jurisdiction over the matters appealed, but "the [lower] court retains jurisdiction to proceed with matters not involved in that appeal").  Appellant also refers to the deadline to propose a new plan as April 28, 2025, which is the date of the confirmation hearing.  Docket No. 20 at 1.  However, pursuant to the Notice of Rescheduled Hearing, "Debtor shall . . . file any required amended schedules and an updated confirmation status report or verification of confirmable plan on or before April 21, 2025."  *In Re Bamba*, Case No. 24-11589-MER, Docket No. 127.  Therefore, the bankruptcy court hearing has not impermissibly shortened the deadline to file an updated plan.  Even if the Court were to consider the merits of appellant's motion, appellant has failed to show that he is entitled to a stay.

Wherefore, it is

**ORDERED** that appellant's Emergency Motion to Stay Bankruptcy Court Dismissal Hearing Pending Appeal [Docket No. 20] is **DENIED**.

Dated: April 15, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge