IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00655-PAB
(Bankr. No. 24-11589)

In re:

Abass Yaya Bamba,

    Debtor.

---

ABASS YAYA BAMBA,

    Appellant,

v.

DOMINION FINANCIAL SERVICES, LLC,

    Appellee.

---

# ORDER

---

    The matter before the Court is appellant's Motion for Immediate Sanctions and Court Intervention Against Dominion Financial Services, LLC and its Counsel [Docket No. 11].[1]

    Appellant claims appellee and its counsel "are actively undermining the appellate process, abusing procedural rules, and exploiting Appellant's pro se status to gain an unfair advantage." *Id.* at 1. Appellant argues that appellee has engaged in

---

[1] Because appellant is *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although styled as a letter, appellant's filing "request[s] that the Court appoint pro bono counsel to assist [appellant] in this appeal." Docket No. 8 at 1. Therefore, the Court construed the appellant's filing as a motion for appointment of counsel.

sanctionable conduct by "intentionally creating parallel litigation to confuse, delay, and wear down the Appellant, fully aware that he is not represented by counsel and lacks the institutional resources available to Dominion and its attorneys." *Id.* Specifically, appellant asserts that his appeal divested the bankruptcy court of jurisdiction in this case. *Id.* at 2 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). Nevertheless, he claims that the bankruptcy proceedings in this case are ongoing and that appellee has filed a motion to dismiss in the bankruptcy court. *Id.* He claims that by filing a motion to dismiss in the bankruptcy court, appellee has engaged in sanctionable conduct. *Id.* In addition to sanctions, appellant requests that the Court stay the proceedings in the bankruptcy court until this appeal has been resolved. *Id.* at 2.

Appellee responds that the motion for sanctions "must be denied because it is procedurally improper and substantively without merit." Docket No. 17 at 2. Procedurally, appellee claims that appellant failed to serve the motion for sanctions at least 21 days before filing the motion with the Court, and that appellant did not conduct service in accordance with Rule 7004. *Id*. Further, appellee notes the motion for sanctions does not identify how appellee violated Rule 9011 and misrepresents appellee's actions. *Id*. at 2-3. As to appellant's request to stay the bankruptcy case, appellee notes that appellant has failed to comply with the requirements outlined in Rule 8007. *Id*. at 4-5.

Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) provides that a motion for sanctions shall "describe the specific conduct alleged to violate [Rule 9011(b)]" and shall "be served under Rule 7004." Fed. R. Bankr. P. 9011(c)(2)(A). Further, "[t]he

2

motion for sanctions must not be filed or presented to the court if the challenged document, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after the motion was served (or within another period as the court may order)." Fed. R. Bankr. P. 9011(c)(2)(B).  The Court has inherent powers to issue sanctions when a party acts in bad faith.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Appellant's reliance on *Griggs* is misplaced.  Although filing a timely notice of appeal divests a lower court of jurisdiction over the matters appealed, "the [lower] court retains jurisdiction to proceed with matters not involved in that appeal."  *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).  Appellant has only appealed the bankruptcy court's order overruling his claim objection.  Appellant has not shown that appellee's motion to dismiss is improper because it pertains to matters currently on appeal or that the bankruptcy court lacks jurisdiction to rule on the motion to dismiss.  Therefore, appellant has failed to identify bad faith conduct on the part of appellee.  The Court will deny the motion for sanctions.

As to a motion to stay proceedings in the bankruptcy court, Rule 8007 provides that, ordinarily, a party must first file the motion to stay with the bankruptcy court.  Fed. R. Bankr. P. 8007(a)(1)(A).  If a party files a motion to stay the bankruptcy court proceedings in the district court, the motion must "(A) show that moving first in the bankruptcy court would be impracticable; or (B) if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling."  Fed. R. Bankr. P. 8007(b)(2).  Appellant has failed to meet the requirements for a stay under Rule 8007 because his motion does not identify

whether he has filed a motion to stay with the bankruptcy court and, if so, how the court ruled on the motion.  See Docket No. 11.  Moreover, appellant has failed to demonstrate why the Court should stay bankruptcy court proceedings that are unrelated to his appeal.

Wherefore, it is

**ORDERED** that appellant's Motion for Immediate Sanctions and Court Intervention Against Dominion Financial Services, LLC and its Counsel [Docket No. 11] is **DENIED**.

Dated: April 15, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge