IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00655-PAB
(Bankr. No. 24-11589)

In re:

Abass Yaya Bamba,

    Debtor.

---

ABASS YAYA BAMBA,

    Appellant,

v.

DOMINION FINANCIAL SERVICES, LLC,

    Appellee.

---

## ORDER

---

The matters before the Court are appellant's Letter Re: Request for Appointment of Pro Bono Counsel [Docket No. 8][1] and Supplemental Motion to Compel Disclosure of Legal Fee Arrangements and Ensure Fair Litigation Balance in Support of Request for Appointment of Pro Bono Counsel [Docket No. 10].

Appellant argues "[t]he appointment of pro bono counsel in this appeal would prevent undue prejudice and ensure that [his] case is decided based on the law, rather

---

[1] Because appellant is *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although styled as a letter, appellant's filing "request[s] that the Court appoint pro bono counsel to assist [appellant] in this appeal." Docket No. 8 at 1. Therefore, the Court construed the appellant's filing as a motion for appointment of counsel.

than on an imbalance of representation." Docket No. 8 at 1. Appellant additionally contends that, "[i]f Dominion opposes [his] Pro Bono request, it must first disclose the source of its legal fees and justify why it should retain full representation." Docket No. 10 at 2. In response, appellee notes the lack of authority to support appellant's requests. Docket No. 14 at 3. Appellee contends "there is no right to the appointment of counsel in civil cases" and a bankruptcy proceeding is considered civil. *Id*. Appellee claims that D.C.COLO.LAttyR 15 governs eligibility for pro bono counsel and that appellant has failed to provide sufficient information to support such a request. *Id*. at 4. Given that appellant previously hired counsel and then terminated the representation, appellee questions whether appellant has demonstrated an inability to retain counsel through other means. *Id*. Further, appellee "opposes the request as it will cause significant delay with the appeal." *Id*. Finally, appellee argues the request for information about attorney's fees and costs is "premature" given that the Bankruptcy Court ruled that it will address those issues once appellant proposes a chapter 13 plan, which has not occurred yet. *Id*.

There is no constitutional right to counsel in civil cases. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). "The decision whether to appoint counsel in a civil case is left to the sound discretion of the district court." *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir. 1988) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the

2

legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (evaluating a motion for counsel under 28 U.S.C. § 1915).

Pursuant to D.C.COLO.LAttyR 15(e)(1), "[t]he following unrepresented parties are eligible for appointment of pro bono counsel: (A) an unrepresented non-prisoner who has been granted leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915; (B) an unrepresented prisoner; and (C) after demonstrating limited financial means, an unrepresented non-prisoner who has paid any filing fee in full." Here, the Court finds that appointment of counsel under § 1915(e)(1) is not warranted. First, appellant has not shown that he has been granted leave to proceed in forma pauperis. Second, appellant is not an unrepresented prisoner. Finally, appellant's motion does not provided any financial information demonstrating an inability to pay or give security for fees and costs.

As to appellant's motion for information regarding the "funds [appellee] used to pay its legal counsel in this case," Docket No. 10 at 1, appellant provides no caselaw or statutory to support his request that the Court order disclosure of appellee's financial arrangements. Therefore, the Courts no basis to grant the relief appellant seeks.

Wherefore, it is

**ORDERED** that appellant's Letter Re: Request for Appointment of Pro Bono Counsel [Docket No. 8] is DENIED. It is further

**ORDERED** that appellant's Supplemental Motion to Compel Disclosure of Legal Fee Arrangements and Ensure Fair Litigation Balance in Support of Request for Appointment of Pro Bono Counsel [Docket No. 10] is **DENIED**.

Dated: April 15, 2025

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge